Per curiam.
Delivered by Thompson, justice. This was a suit on a promisory note, dated eleventh of June, 95, payable one year after date, and brought by the second,indorsee against the maker.
The note being admitted upon the trial, the defendant gave in evidence, a bill and answer in chancery, between the parties, in which answer the plaintiffs admitted, that the defendant made the note aforesaid payable to Thomas Cooper, and delivered it to Nicholas Hoffman; that after it was payable, the defendant made and delivered to Nicholas Hoffman, a bill of exchange for the amount of it, upon William W. Burrows, of Philadelphia, payable in 60 days, which bill, if paid, was to be a discharge of the note, and that otherwise the note was to stand good; that the bill was accepted, but when presented for payment, was refused, the said persons having become insolvent. - The defendant then moved for a nonsuit, on the ground that the plaintiffs had not given evidence of notice to the defendant of non-payment of the bill.
The plaintiffs then proved by Mr. Troup (who was objected to as a witness, because the communications from, the defendant to him, were made in confidence, though not in the character of attorney or counsel for him, and the objection over-ruled) that on a settlement between the defendant and Mr. Burrows, he owed the latter 48,000 dollars, for which the defendant gave a bo'nd the fourth of October, 1796; that he understood explicitly from both the defendant and Burrows, that the above balance arose from monies paid, and responsibilities incurred, by Burrows, for the defendant, in order to support his credit, and from motives of friendship, under an express agreement by the defendant, that funds should be provided by him, but that no such funds were provided; that these were the only transactions between Burrows and the defendant. It was also proved, that when the bill was not paid, Thomas
*160 Cooper, the original payee, called on the defendant, and the defendant said he knew the bill had not been paid, and that when the bill became payable, Burrows had no funds to take it up, and that he, the defendant, could not provide the payee with any.
The jury found a verdict for the plaintiff, and the defendant now moves for a new trial, on the following grounds.
That after acceptance of the bill, notice of non-payment was requisite to hold the drawer.
That if want of funds excused; here was no sufficient evidence of it, and that the testimony of Mr. Troup was inadmissible ; that the defendant was entitled to read such parts of the plaintiff’s answer in chancery, as he chose, without making the whole answer evidence.
The notice to the drawer of non payment, although in general requisite, was not necessary in this case, because the drawer had no effedfs in the hands of the drawee. And therefore he would receive no injury for want of notice. The reason for notice failing, the necessity of giving it is superseded. The acceptance by the drawer made no alteration in the rule. Notice of non payment was not necessary because of no use to the drawer. The proof of the event of funds was conclusive, it arose from the repeated confession of the defendant himself. Nor was there any . weight in the objection to the competency of Mr. Troup’s I testimony, his information being received in the charadter I of a friend, and not in that of counsel. The want of funds in the hands of Mr. Burrow’s, was sufficiently proved independant of any fadts contained in the plaintiff’s answer to the defendant’s bill in -chancery.
It is therefore unnecessary to say, whether the whole answer ought to have been received as evidence or not.
Motion denied.